IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

v.                        Case No. 5:10-CR-50067-003

TIFFNEY R. FEDELE                                 DEFENDANT/PETITIONER

## OPINION AND ORDER

Currently before the Court are the Report and Recommendation ("R&R") (Doc. 171) filed in this case on March 31, 2014, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Petitioner Tiffney R. Fedele's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. 98) and Petitioner's Objections to the R&R (Doc. 176).  In light of Petitioner's Objections to the R&R, the Court has conducted a *de novo* review of the record, focusing in particular on the portions of the R&R to which specific objections have been made, in accordance with 28 U.S.C. § 636(b)(1)(C).  After review, the Court finds that the objections lodged by Petitioner offer neither law nor fact requiring departure from the Magistrate's findings.  Accordingly, the Magistrate's R&R (Doc. 171) is ADOPTED IN ITS ENTIRETY and Petitioner's § 2255 Motion to Vacate (Doc. 98) is DENIED.

### I. Background

On September 15, 2010, Petitioner was charged in a twelve-count Superseding Indictment, along with two co-conspirators, Jason Fedele and James Mitchell.  (Doc. 29).  On December 6, 2010, Petitioner entered into a Plea Agreement (Doc. 62) wherein she agreed to plead guilty to two of the twelve counts in the Superseding Indictment.  Petitioner

pleaded guilty to Count One–conspiring to use an interstate facility tp distribute proceeds of an unlawful activity, and to promote, manage, establish, carry on, and facilitate such unlawful activity, namely prostitution, in violation of 18 U.S.C. §§ 1952(a)(1) and (3) (the Travel Act), and 18 U.S.C. § 371.  Petitioner also pleaded guilty to Count Two–conspiring to launder the proceeds of the above unlawful activity, in violation of 18 U.S.C. §§1956(a)(1) and (h). (Doc. 62).  On July 7, 2011, Petitioner was sentenced to 21 months imprisonment on both Counts, with the terms to run concurrently.  Petitioner did not appeal the judgment. On July 12, 2012, Petitioner filed the present  § 2255 Motion to Vacate, asserting six grounds for relief.  The Magistrate recommended denying the Motion on all six grounds.

Petitioner now offers objections in response to the Magistrate's recommendations as to grounds one, three, and four.[1]  As to grounds one and four, Petitioner fails to acknowledge the Magistrate's initial determination that these arguments were procedurally defaulted because they were not brought on direct appeal.  The Court agrees with the Magistrate's analysis as to procedural default and finds that grounds one and four merit dismissal due to this reasoning alone.  However, the Court will address Petitioner's substantive objections as to grounds one and four—along with ground three.

First, as to ground one, Petitioner objects that her conviction should be deemed illegal because Congress never defined "proceeds" in 18 U.S.C. § 1952 and did not define "proceeds" within 18 U.S.C. § 1956 until after the Supreme Court's ruling in *United States v. Santos*.  Thus, Petitioner argues that the term is ambiguous and should be construed

---

[1]Petitioner abandoned grounds two, five, and six in her Objections to the R&R. Consequently, those are not addressed in the Court's Order.

in her favor, under the rule of lenity, as "profits," rather than "receipts." If the terms "proceeds" is construed to mean "profits," Petitioner maintains that her conviction should be vacated because she did not profit from unlawful activity.

Second, as to ground three, Petitioner asserts that her plea was involuntary and unknowing due to ineffective assistance of counsel. She mentions that she was misinformed regarding the requirements for a guilty verdict in any trial charging her with promoting prostitution. She requests an evidentiary hearing in order to further develop this argument for the Court's benefit.

Third, as to ground four, Petitioner argues that the charges against her were false due to prosecutorial misconduct. She also requests an evidentiary hearing as to this objection.

## II. Discussion.

### A. Ground One: Defect based on *United States v. Santos*.

Petitioner contends that the term "proceeds" found in 18 U.S.C. §§1952 and 1956 is ambiguous, in that it is not defined in § 1952, and was not defined within § 1956 until after the Supreme Court decision in *United States v. Santos.* Petitioner maintains that because she was convicted under this ambiguous term, her conviction is "illegal." (Doc. 176, pp. 1-2). Petitioner argues that she "was only charged with conspiring . . . to distribute the 'proceeds' of an unlawful activity and [her case] is analogous to Santos." (Doc. 98, p. 4).

As correctly stated in the Magistrate's R&R, when *Santos* was decided in 2008, the federal money laundering statute at 18 U.S.C. § 1956 did not define the term "proceeds." A divided Supreme Court found that proceeds referred to profits rather than receipts, in the

illegal gambling context. However, following the Supreme Court's holding in *Santos*, Congress amended § 1956 to define the term "proceeds" to include gross receipts. Fraud Enforcement and Regulatory Act of 2009, Pub. L. 111-21, § 2(f)(1)(B), 123 Stat. 1617, 1618; *see* 18 U.S.C. § 1956(c)(9). Because Petitioner pleaded guilty in 2010, the statute and not the *Santos* definition is applicable to her case. Therefore, Petitioner's challenge to her conviction is without merit.

Petitioner apparently adopts her co-conspirator's brief (Case No. 5:10-CR-50067-001, Doc. 166), which raises an ineffective assistance of counsel allegation in regard to counsel's failure to raise the *Santos* argument. Petitioner contends that because counsel did not raise this defect, she received ineffective assistance of counsel. Under the two-part test announced in *Strickland v. Washington* for determining the validity of an ineffective assistance of counsel claim, Petitioner must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). Under the deficient performance prong, Petitioner must show that her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [her] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The scrutiny of counsel's performance is highly deferential, and there is a presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689.

In order to satisfy the prejudice prong, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Rice*, 449 F.3d 887, 897

(2006)(internal quotations omitted).  Thus, it is not sufficient for Petitioner to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)).  In addition, to the extent that Petitioner's claims arise out the plea process, she must show a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).  Here, the Court may conclude its analysis at the deficient performance prong of the *Strickland* test and need not reach the prejudice prong, since Petitioner's claim of a *Santos* defect was meritless, and it was therefore reasonable for counsel not to raise it. Thus, Petitioner's first objection is overruled.

### B. Ground Three: Actual Innocence

Petitioner alleges that she is actually innocent and that her guilty plea was involuntary and unknowing due to ineffective assistance of counsel.  She maintains her counsel misinformed her regarding the requirements for a guilty verdict, stemming from charges arising under 18 U.S.C. § 2422, and her Sixth Amendment rights were violated when counsel allowed her to plead guilty to charges counsel should have known the Government could not prove.  Petitioner maintains her innocence as to all charges, despite the fact that she admitted at the plea hearing that she committed the offenses to which she was pleading guilty.

As a preliminary matter, the record reveals that Petitioner did not, in fact, plead guilty to a violation of 18 U.S.C. § 2422, as it was one of the dismissed charges in the Superseding Indictment.  Moreover, Petitioner advances arguments contradicted by

stipulated facts in her signed guilty plea. First, she argues that the only proceeds that she and her co-conspirators distributed were the "agency fees" charged to their clients and that "escorts were not required to provide anything illegal to clients." (Doc. 176, p. 3). Contrary to Petitioner's contention that she did not knowingly use proceeds associated with prostitution, her signed Plea Agreement provides within the stipulated facts that "the investigation revealed that the escort service was actually an interstate and intrastate prostitution enterprise" (Doc. 62, p. 4) and that "Mitchell and his co-conspirators utilized banks and other financial institutions to conduct financial transactions with the proceeds of the prostitution enterprise." *Id.* at 6. Further, the Plea Agreement states that "[t]he investigation identified Tiffney R. Fedele as an employee/business partner of Mitchell who conspired with Mitchell and others to operate the prostitution enterprise" and Petitioner made "deposits of proceeds derived from the prostitution business into bank accounts." *Id.* at 8.

Petitioner pleaded guilty to violating the Travel Act and to money laundering. To establish a violation of the Travel Act, the Government only had to prove that there was an unlawful activity—in this case, prostitution—that Petitioner had knowledge of the unlawful activity, and that she used interstate commerce to facilitate the carrying on of the activity or to distribute proceeds. *United States v. Corona*, 885 F.2d 766, 771 (11th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990).

In her § 2255 Motion, Petitioner admits that she "KNEW some of the escorts had sexual relations with some of the clients some of the time." (Doc. 98, p. 7). The Plea Agreement confirms this knowledge, as it states Petitioner "knew that prostitutes were engaging in sexual acts for monetary payment." (Doc. 62, p. 5). Petitioner also admitted

that she "answered phones of the enterprise, directed prostitutes to call, drove prostitutes to calls, collected money from prostitutes, and interviewed and hired prostitutes." *Id*. at 8.

With respect to the money laundering charge, the Government was only required to prove that: (1) Petitioner conducted or attempted to conduct a financial transaction that affected interstate or foreign commerce; (2) the financial transaction involved property representing the proceeds of illegal activity; (3) Petitioner knew that the property represented the proceeds of illegal activity; and (4) Petitioner conducted the financial transaction knowing that the transaction was intended to promote the carrying on of illegal activity. *United States v. Diaz-Pellegaud*, 666 F.3d 492, 498 (8th Cir. 2012) *cert. denied*, 133 S. Ct. 235 (2012) and *cert. denied*, 133 S. Ct. 245 (2012)(internal citations omitted).

Again, Petitioner's knowledge of the illegal activity and overt acts in conducting financial transactions to promote the illegal activity are well established. It appears Petitioner mistakenly believes that to convict her for violating the Travel Act and money laundering statutes, the Government was required to prove that Petitioner persuaded, induced, enticed, or coerced the acts of prostitution. As explained previously, no such burden of proof was required of the Government. Therefore, Petitioner's argument that the Government could not prove its case against her is meritless. As it cannot be ineffective assistance of counsel to fail to raise a meritless argument, an evidentiary hearing is not warranted, and Petitioner's second objection is overruled.

### C. Ground Four: Prosecutorial Misconduct

Lastly, Petitioner objects to ground four regarding prosecutorial misconduct, contending that her case was fabricated by the prosecution team using perjured testimony. However, Petitioner's contention is belied by: (1) what she admits in the § 2255 Motion

itself, (2) what she admitted to in the Plea Agreement as previously stated, and (3) the fact that her "proof" in support of her argument that the case against her was based on perjured testimony is the affidavit of someone she acknowledges is a "pathological liar." (Doc. 176, p.7).

For the foregoing reasons, Plaintiff's third objection is without merit and will be overruled.

### III. Conclusion

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 171) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY** and Petitioner Tiffney R. Fedele's § 2255 Motion to Vacate (Doc. 98) is **DENIED** and her case is **DISMISSED WITH PREJUDICE**. Judgment will be entered contemporaneously with this Order.

IT IS SO ORDERED this 5th day of August, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE